Chadan Eugenio v. Bondi

BIA
Lazare-Raphael, IJ
A220 574 213 & 220 969 900/901

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty-six.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

MANUEL SEBASTIAN CHADAN EUGENIO, CELIDA BENILDE PUNINA-CHISAG, E.M.C-P.,*
> *Petitioners,*

v.                                                    24-655
                                                      NAC

PAMELA BONDI, UNITED STATES

---

*We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**ATTORNEY GENERAL,**
    *Respondent.*
_____

**FOR PETITIONER:**        Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**        Brian Boynton, Principal Deputy Assistant Attorney General; Keith I. McManus, Assistant Director; Nelle M. Seymour, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manuel Sebastian Chadan Eugenio, his wife Celida Benilde Punina-Chisag, and their minor child, natives and citizens of Ecuador, seek review of a February 13, 2024, decision of the BIA affirming a June 16, 2022, decision of an Immigration Judge ("IJ") denying Chadan Eugenio's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manuel Sebastian Chadan Eugenio, et al.*, Nos. A 220 574 213 & 220 969 900/901 (B.I.A. Feb. 13, 2024), *aff'g* Nos. A 220 574 213 & 220 969 900/901 (Immigr. Ct. N.Y.C. June 16, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA, and consider only the adverse credibility determination, which was the sole basis for the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005) (reviewing IJ's decision "as modified by" the BIA); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding, including adverse credibility determinations, "under the substantial evidence standard," and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

As the Government observes, Chadan Eugenio has abandoned review of the agency's adverse credibility determination by failing to challenge it in his brief. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted). Chadan Eugenio does not challenge, or even mention, the adverse credibility determination. That determination is dispositive because all three forms of relief were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76. We do not reach the merits of the arguments raised in the brief, as

3

the BIA did not rely on the IJ's alternative findings. *See Xue Hong Yang*, 426 F.3d at 522; *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

However, we address the arguments Chadan Eugenio raises in his brief, prepared by counsel Michael Borja, to the extent needed to highlight the problems with counsel's briefing. In addition to abandoning the dispositive issue, the brief here misstates facts, mischaracterizes the record, challenges findings the agency did not make, and raises previously rejected arguments that are not fully developed. First, counsel says the family suffered "repeated attacks" but there was one attack. Second, counsel argues that the IJ's nexus determination was erroneous, but the IJ made a positive nexus finding here and denied asylum on other grounds. Relatedly, counsel misstates that the IJ found no nexus because the attackers were motivated by pecuniary gain, but the IJ made no such finding. Finally, as he has in other cases, counsel claims, without further development, that the "one central reason" nexus standard applies only to asylum; to the contrary, the standard also applies to withholding of removal, *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022), and we have rejected this argument in prior decisions pre-dating the filing of this brief, *see, e.g.*, *Chamba-Alvarez v. Garland*, No.

4

21-6072, 2023 WL 6439401, at *1 & n.1 (2d Cir. Oct. 3, 2023) (summary order); *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (summary order).  Finally, counsel's contention that the IJ did not examine the CAT claim is belied by the record because the IJ expressly found that Chadan Eugenio had not established government acquiescence to torture.  Counsel has made the same unsupported claim in other cases.  *See, e.g.*, *Daquilema-Guaman*, No. 23-7742, 2025 WL 1466563, at *2 (2d Cir. May 22, 2025) (summary order). Given these defects in briefing by Michael Borja, a copy of this order will be forwarded to the Grievance Panel.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court